IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL I. CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3022 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA STATE | ) | **MEMORANDUM AND** |
| PENITENTIARY, RANDY | ) | **ORDER** |
| CROSBY, PIPER, D. BAKEWELL, | ) | |
| Warden, CHRISTENSEN, MOFFOT, | ) | |
| and AIDT OF NAMES UNKNOWN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on four separate motions filed by Plaintiff, Raul Calderon. (Filing Nos. 2, 6, 7 and 8.)

## MOTION TO PROCEED IN FORMA PAUPERIS

Plaintiff filed a Motion for Leave to Proceed In Forma Pauperis ("IFP"). (Filing No. 2.) The court has received a certified copy of Plaintiff's trust account information. (Filing No. 8.) Plaintiff is permitted to proceed IFP.

Pursuant to the Prison Litigation Reform Act, a prisoner Plaintiff is required to pay the full amount of the court's $350.00 filing fee by making monthly payments to the court, even if the prisoner is proceeding IFP. 28 U.S.C. § 1915(b). "[T]he PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal." *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

Plaintiff must pay an initial partial filing fee in the amount of 20 percent of the greater of the plaintiff's average monthly account balance or average monthly deposits for the six months preceding the filing of the complaint. The court finds that the initial partial filing fee is $16.02, based on average monthly balance of $80.09. Payment of the initial partial filing fee must be received by the court by March 31, 2008, in the absence of which this matter is subject to dismissal. Plaintiff may request an extension of time if needed.

In addition to the initial partial filing fee, Plaintiff must "make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account." 28 U.S.C. § 1915(b)(2). The statute places the burden on the prisoner's institution to collect the additional monthly payments and forward them to the Court. 28 U.S.C. § 1915(b). Therefore, after payment in full of the initial partial filing fee, the remaining installments shall be collected pursuant to 28 U.S.C. § 1915(b)(2):

> After payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. The agency having custody of the prisoner shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fees are paid.

The Clerk of Court shall send a copy of this Memorandum and Order to the appropriate financial official at Plaintiff's institution. Plaintiff will remain responsible for the entire filing fee, as long as he is a prisoner, even if the case is dismissed at some later time. *See In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997); *Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951 (D. Neb. 2001).

## MOTION TO AMEND

Plaintiff has also filed a Motion for Leave to Amend his Complaint. (Filing No. 6.) In Plaintiff's motion, he states generally that he is suing Defendants in their individual acting in their official capacity, names additional Defendants, and states additional claims for relief.

Federal Rule of Civil Procedure 15(a) allows a Plaintiff to amend his Complaint once as a matter of course at any time before a responsive pleading is served, otherwise Plaintiff may amend only by requesting leave of court.

Plaintiff's Motion for Leave to Amend his Complaint is granted. Plaintiff shall have until March 31, 2008 to file with the court an amended complaint. The amended complaint must repeat Plaintiff's original Complaint in its *entirety*, include any new defendants and/or claims, and clearly state what relief Plaintiff is requesting from the court. The amended complaint will supercede the original Complaint, therefore, failure to consolidate all claims into one document may result in the abandonment of claims. If Plaintiff fails to file an amended complaint, the case will proceed on Plaintiff's original Complaint.

## MOTIONS FOR SUMMONS FORMS

Also before the court are two Motions for Summons forms filed by Plaintiff. (Filing Nos. 7 & 9.) These motions are denied. Plaintiff is instructed to read the Notice Regarding Summons Forms For Pro Se Litigants Proceeding IFP attached to this Memorandum and Order.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motion to Proceed IFP (filing no. 2), is granted.

2. Plaintiff shall pay an initial partial filing fee of $16.02 by March 31, 2008, unless an enlargement of time is granted in response to a written motion. If the initial partial filing fee is not received by the specified deadline, this case is subject to dismissal.

3. After payment of the initial partial filing fee, Plaintiff's institution shall collect the additional monthly payments in the manner set forth in 28 U.S.C. § 1915(b)(2), quoted above, and shall forward those installments to the court.

4. The Clerk of the court is directed to send a copy of this order to the appropriate official at Plaintiff's institution.

5. Plaintiff's Motion for Leave to Amend (filing no. 6) is granted.

6. Plaintiff shall have until March 31, 2008 to file with the court an amended complaint. The amended complaint shall repeat the original Complaint in its *entirety*, include any new defendants and/or claims, and clearly state what relief Plaintiff is requesting from the court. Failure to consolidate all claims into one document may result in the abandonment of claims.

7. Plaintiff's Motions for Summons forms (filing nos. 7 & 9) are denied.

8. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text: March 31, 2008: check for initial partial filing fee and amended complaint.

9. The Clerk of the court is directed to terminate the pro se first assessment deadline in this matter and set the following pro se case management deadline: April 30, 2008 initial review of Plaintiff's Amended Complaint due.

10. Plaintiff shall keep the court informed of his current address at all times, and that all parties are bound by the Federal Rules of Civil Procedure and by the court's Local Rules while this case is pending.

11. Plaintiff shall review the "Notice Regarding Summons Forms" attached to this Order.

March 3, 2008.	BY THE COURT:

*s/Richard G. Kopf*
United States District Judg

## NOTICE REGARDING SUMMONS FORMS
## FOR PRO SE PRISONERS
## PROCEEDING IN FORMA PAUPERIS

A prisoner who is proceeding pro se and in forma pauperis as the plaintiff in a civil case shall **not** provide the court with summons forms (or Form 285) for service of process on the defendant(s) **until** notified to do so by the Clerk of Court.

The Prison Litigation Reform Act ("PLRA") requires the court to screen complaints brought by prisoners. Therefore, the court conducts "initial review" of a complaint filed by a prisoner before any summons can be served on a defendant. Generally, the court conducts "initial review" shortly after the Clerk of Court receives the initial partial filing fee from the plaintiff. After the initial partial filing fee has been paid, and initial review has been completed, the Clerk of Court arranges for service of process as follows:

1. The Clerk of Court will be directed by a District Judge or Magistrate Judge to send the plaintiff a blank summons form for each defendant named in the caption of the case, together with Form 285.

2. The plaintiff shall thereafter complete the summons form(s) and Form 285, because without those forms, service of process cannot occur.

3. The plaintiff shall then mail the completed summons form(s) and Form 285 to the Clerk of Court. Upon receipt of the completed forms from the plaintiff, the Clerk of Court will sign the summons form(s) to be sent by the Clerk, together with a copy of the complaint for each defendant, to the U.S. Marshal for service on the defendant(s).

4. Because the plaintiff is proceeding in forma pauperis, the plaintiff is not responsible for copying the complaint or arranging for service of process.

**THEREFORE, ALL PLAINTIFFS ARE REQUESTED NOT TO SEND SUMMONS FORMS TO THE COURT UNLESS THE CLERK OF COURT HAS FIRST SENT THE FORMS TO THE PLAINTIFF AFTER "INITIAL REVIEW" HAS BEEN COMPLETED, AS STATED ABOVE**