IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| RAUL I. CALDERON, | ) | |
| | ) | |
| Plaintiff, | ) | 4:08CV3022 |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA STATE | ) | **MEMORANDUM** |
| PENITENTIARY, RANDY | ) | **AND ORDER** |
| CROSBY, PIPER, D. BAKEWELL, | ) | |
| Warden, CHRISTENSEN, MOFFOT, | ) | |
| and AIDT OF NAMES UNKNOWN, | ) | |
| | ) | |
| Defendants. | ) | |

This matter is before the court on Plaintiff's Motion to Appoint Counsel (filing no. 12), Plaintiff's Second Motion to Appoint Counsel (filing no. 13), Plaintiff's Motion for Leave to File Amended Complaint (filing no. 16), and Plaintiff's Motion to Extend Time to Pay Filing Fee (filing no. 18.)

**MOTIONS TO APPOINT COUNSEL**

Plaintiff seeks the appointment of counsel. (Filing Nos. 12 & 13.) However, the court cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel. . . . The trial court has broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel." *Id.* Therefore the Motions for the Appointment of Counsel are denied without prejudice.

**MOTION FOR LEAVE TO AMEND**

Next, Plaintiff moves the court for leave to file an amended complaint. (Filing No. 16.) On March 3, 2008, this court granted Plaintiff's first Motion to Amend his Complaint, giving Plaintiff until March 31, 2008 to file with the court an amended complaint. (Filing No. 10.) Plaintiff was told that the amended complaint must repeat Plaintiff's original Complaint in its entirety, include any new defendants and/or claims, and clearly state what relief Plaintiff is requesting from the court. (*Id.*) On March 15, 2008, Plaintiff filed an Amended Complaint. (Filing No. 15.) On that same date, Plaintiff filed his Motion for Leave to File an Amended Complaint with a proposed Amended Complaint attached. (Filing No. 16.) The motion states that Plaintiff would like the proposed amended complaint accompanying filing no. 16 to supercede all other Complaints Plaintiff has filed with the court. In his motion, Plaintiff acknowledges that he submitted filing no. 15, but states that filing no. 15 does not contain all of the claims he would like to bring before the court.

Plaintiff's Motion for Leave to File an Amended Complaint is granted. The Amended Complaint attached to filing no. 16 is accepted for filing instanter. Filing no. 16 shall now act as the operative Complaint in this case.

**MOTION TO EXTEND**

Plaintiff has also filed a Motion to Extend Time to Pay Initial Partial Filing Fee. (Filing No. 18.) Plaintiff is a prisoner who is proceeding in forma pauperis ("IFP") in this action. (Filing No. 10.) In his motion, Plaintiff states that he has insufficient funds to pay the initial partial filing fee assessed in the court's March 3, 2008 Memorandum and Order. (*Id.*) Plaintiff states that he has not received funds from family or acquaintances and his placement in segregation disallows him the opportunity to obtain an institutional job. The court finds that Plaintiff has shown good cause for extending the time to pay the initial partial filing fee.

As set forth in 28 U.S.C. § 1915(b)(4), "[i]n no event shall a prisoner be prohibited from bringing a civil action ... for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee." When the prisoner is unable to pay the initial partial filing fee due to a lack of funds, the requirement that the initial partial filing fee will be paid at the outset of the case is suspended. *See Jackson v. N.P. Dodge Realty Co.*, 173 F. Supp. 2d 951, 957 n. 9 (D. Neb. 2001). Instead, "the whole of the ... filing fees are to be collected and paid by the installment method contained in § 1915(b)(2)." *Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997). This matter will therefore proceed without payment of the initial partial filing fee.

IT IS THEREFORE ORDERED that:

1. Plaintiff's Motions for Appointment of Counsel (filing nos. 12 & 13) are denied.

2. Plaintiff's Motion to Amend his Complaint (filing no. 16) is granted.

3. Plaintiff's Motion to Extend Time to Pay Initial Partial Filing Fee (filing no. 18) is granted.

4. The initial partial filing fee and subsequent installments shall be collected and remitted, as funds exist, in the manner set forth in 28 U.S.C. § 1915(b)(2). Until the full filing fee of $350.00 is paid, the prisoner shall be obligated to pay, and the agency having custody of the prisoner shall forward to the Clerk of the court, 20 percent of the preceding month's income in such months as the account exceeds $10.00.

5. The Clerk of the court shall serve a copy of this order on the appropriate financial officer for Plaintiff's institution.

6. Plaintiff shall continue to keep the court informed of his current address at all times while this case is pending, as failure to do so may result in dismissal of this matter.

April 4, 2008. BY THE COURT:

*s/Richard G. Kopf*
United States District Judge